## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

BRIAN CHARLES PIERRE
CONSTANT, III,

      Plaintiff,

v.                                                                          Case No: 5:21-cv-429-WFJ-PRL

MARION COUNTY SHERIFF'S
OFFICE, RON BURNETT, S.
DENARDIS, R. M, HEART OF
FLORIDA HEALTH CENTER, and I.
COLON,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Brian Charles Pierre Constant, III's Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1) in which he alleges he was denied a religious diet, staff violated HIPAA[1] by speaking about his medical file in front of other inmates and staff, and generally complains about his medical care. His failure to pay the filing fee is construed as a request for leave to proceed *in forma pauperis* under 28 U.S.C § 1915.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

    (g)    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

_____

[1] The Health Insurance Portability and Accountability Act of 1996.

> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See*, *e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of three federal actions previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) *Brian Charles Pierre Constant, III V. Warden Clemmons*, et al., 3:20-cv-5389-MCR-EMT (N.D. Fla.), (2) *Brian Charles Pierre Constant, III v. Corporal P. Beasley*, et al., 5:20-cv-85-TJC-PRL (M.D. Fla.), and (3) *Brian Charles Pierre Constant, III v. P. Beasley, et al.*, 20-13721-A (11th Cir.) (appeal dismissed as frivolous from the dismissal in 5:20-cv-85-TJC-32PRL). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's allegations of not receiving a religious diet, his medical file being discussed in front of other inmates, and general complaints about medical care are insufficient to show he is under imminent danger of serious physical injury. Plaintiff

may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on September 17, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
*Pro Se* Plaintiff
Counsel of Record